UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KIAUNDRAY C. ROGERS,

    Petitioner,

    v.                                 CAUSE NO.: 3:19-CV-374-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Kiaundray Rogers, a prisoner without a lawyer, filed another unsigned[1] habeas corpus petition attempting to challenge his conviction for possession of cocaine or narcotic drug under cause number 02D04-1809-F6-1090 by the Allen Superior Court on January 9, 2019. *See Rogers v. Warden*, 3:19-CV-327 (N.D. Ind. filed April 24, 2019). As was explained in the order dismissing his previous petition without prejudice, before considering the merits of his habeas corpus petition, the court must ensure that he has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

Here, Rogers has not presented his claims to the Indiana Supreme Court. Therefore, he has not exhausted his State court remedies and this case must be

---

[1] Although the petition is not signed as required by Federal Rule of Civil Procedure 11(a), it would be pointless to have Rogers submit a signed version of the petition, because it must be dismissed without prejudice because his grounds are unexhausted.

dismissed without prejudice so that he can exhaust his claims in the State courts. Rogers is again advised that if, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he may return to federal court and file a new *signed* habeas corpus petition. Until then, he should not continue to file habeas corpus petitions in this court.

When dismissing a habeas corpus petition because it is unexhausted, the court must "consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Rogers' one-year limitations period for federal habeas review began to accrue no sooner than when his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Rogers was sentenced on January 9, 2019, and he did not appeal his conviction. When a State prisoner does not complete all levels of direct review, his conviction becomes final when the time for seeking such review expires. *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012). Appeals to the Court of Appeals of Indiana must be filed within thirty days of the trial court's judgment. Ind. R. App. P. 9.A. This means that his conviction became final on February 7, 2019, and he has one year before the federal one-year limitations period expires. This is ample time to file a post-conviction relief petition. When he does so, the federal limitations period will be tolled while he litigates and appeals his post-conviction relief petition. *See* 28 U.S.C. § 2244(d)(2). Therefore, dismissing this petition will not effectively end his chance at habeas corpus review and a stay is not appropriate.

dismissed without prejudice so that he can exhaust his claims in the State courts. Rogers is again advised that if, after he has ultimately presented his claims to the Indiana Supreme Court, he has not yet obtained relief, then he may return to federal court and file a new *signed* habeas corpus petition. Until then, he should not continue to file habeas corpus petitions in this court.

When dismissing a habeas corpus petition because it is unexhausted, the court must "consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Here, Rogers' one-year limitations period for federal habeas review began to accrue no sooner than when his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Rogers was sentenced on January 9, 2019, and he did not appeal his conviction. When a State prisoner does not complete all levels of direct review, his conviction becomes final when the time for seeking such review expires. *Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012). Appeals to the Court of Appeals of Indiana must be filed within thirty days of the trial court's judgment. Ind. R. App. P. 9.A. This means that his conviction became final on February 7, 2019, and he has one year before the federal one-year limitations period expires. This is ample time to file a post-conviction relief petition. When he does so, the federal limitations period will be tolled while he litigates and appeals his post-conviction relief petition. *See* 28 U.S.C. § 2244(d)(2). Therefore, dismissing this petition will not effectively end his chance at habeas corpus review and a stay is not appropriate.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, the claims presented by Mr. Rogers are unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the petition (ECF 1) pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted;

(2) DENIES a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on May 21, 2019

      /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT